UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LUIS VALERIO,

                *Petitioner*,

    -against-

UNITED STATES OF AMERICA,

                *Respondent*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-16

15 Civ. 1045 (PAC)
11 Cr. 569 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Luis Valerio moves for reconsideration of the Court's January 28, 2016 Opinion & Order denying his 28 U.S.C. § 2255 petition to vacate his sentence following his guilty plea to using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. §§ 924(j)(1) and (2). 2016 WL 354894 (S.D.N.Y. Jan. 28, 2016). The Court rejected Valerio's argument that his lawyer was ineffective for failing to move to dismiss the indictment as untimely because the offense to which Valerio pleaded guilty is punishable by death and, as such, is not subject to a limitations period. *Id.* at *2. The Court also denied a request for a certificate of appealability. *Id.* at *3.

In seeking reconsideration, Valerio repeats the argument that the offense to which he pleaded guilty was untimely and, in the alternative, renews his request for a certificate of appealability. Valerio's arguments lack merit; the motion for reconsideration is DENIED.

### BACKGROUND

In June 2006, Levit Fernandini, the leader of a drug trafficking organization operating on Creston Avenue in The Bronx, New York, hired Valerio and several others to "shoot up" a street

1

corner which rival drug dealers were invading. *Id.* at \*1. On June 6, 2006, Valerio and his co-conspirators carried guns and shot into a large crowd of people, resulting in the death of Christopher Santiago and injuries to three other people. *Id.*

On September 10, 2012, Valerio was charged in three counts of a nine-count superseding indictment. *Id.* On April 9, 2013, he pleaded guilty to Count Two of the superseding indictment, which charged him with using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. §§ 924(j)(1) and (2). *Id.*

## DISCUSSION

In his § 2255 petition, Valerio argued that his lawyer should have moved to dismiss Count Two prior to his plea because the Government failed to indict within the five-year statute of limitations set by 18 U.S.C. § 3282(a). But, as the Court explained in its Opinion, "Count 2 . . . was timely because crimes punishable by death such as 18 U.S.C. § 924(j) are not subject to any limitations period, pursuant to 18 U.S.C. § 3281." *Id.* at \*2 (citing *United States v. Dames*, No. 04 cr 1247 (PAC), 2007 WL 1032257, at \*1 (S.D.N.Y. Mar. 20, 2007)).

Valerio now offers a refined version of his timeliness argument. He notes (correctly) that § 924(j) contains a provision for murder, which is punishable by death, and a provision for manslaughter, which is not. *See* § 924(j)(1), (2). He argues that the superseding indictment charges him only with manslaughter or, at most, second degree murder—neither of which can be punished by death. *See* 18 U.S.C. § 1111(b) ("Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life."); 18 U.S.C. § 1112(b) ("Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both."). Accordingly, Valerio contends that Count Two was untimely.

The argument fails because the superseding indictment adequately charges Valerio with

first degree murder. Federal law defines first degree murder as "willful, deliberate, malicious, and premeditated killing" or, alternatively, a murder "perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed." 18 U.S.C. § 1111(a). The superseding indictment alleges in Count 2 that Valerio and his co-conspirators:

> "[W]illfully and knowingly, during and in relation to a drug trafficking crime . . . did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, FERNANDINI hired [other co-conspirators] and VALERIO . . . to shoot at rival drug dealers in the vicinity of 2600 Creston Avenue, Bronx, New York, and as a result Christopher Santiago was shot and killed."

Dkt. 228 ¶ 5. The superseding indictment also contains specific allegations as to Valerio. It alleges that Valerio "intentionally killed Christopher Santiago"; "intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Christopher Santiago died as a direct result of the acts"; and "committed the offense in Count Two after engaging in substantial planning and premeditation." *Id.* ¶ 20. Those allegations properly charge Valerio with first degree murder. Since that offense is punishable by death—regardless of whether it is imposed, or even sought—there is a lifetime statute of limitations. Accordingly, Count 2 was timely, and his lawyer was not ineffective for failing to argue otherwise.[1]

---

[1] Valerio also argues that Count 2 was untimely because the underlying drug offense charged in Count 1 was untimely. But, as the Court explained in its January 28 Opinion, the murder charge was timely "regardless of whether a separate charge for the underlying drug conspiracy would be time-barred." 2016 WL 354894, at *2 (citing *Dames*, 2007 WL 1032257, at *1).

As Valerio has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The motion for reconsideration is DENIED. Since any further appeal on this issue would not be in good faith, the Court also DENIES Valerio's motion for leave to appeal *in forma pauperis* (Dkt. 11). 28 U.S.C. § 1915(a)(3). The Clerk is directed to terminate all open motions in 15 cv 1045.

Dated: New York, New York
May 10, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Luis Valerio
70301-054
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635